**Jacob L. WILLIAMS, Petitioner—Appellant,**

v.

**William DUNCAN, Warden, Respondent—Appellee.**

**No. 01–15298.**

**D.C. No. CV–99–02832–WDB.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided March 28, 2002.

As Amended on Denial of Rehearing May 7, 2002.

Before RYMER, KLEINFELD, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

California state prisoner Jacob L. Williams appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for murder. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Williams urges us to adopt a standard for incompetence that differs from the district court's and from the standard advocated by the state, but it does not matter which formulation is followed in this case because under any of them extraordinary circumstances did not prevent Williams from filing a petition for habeas corpus for a sufficient number of months between April 24, 1996 and July 1, 1998 to warrant equitable tolling. The magistrate judge so found after an evidentiary hearing, and we cannot say that his findings were clearly erroneous. Although the magistrate judge applied a more stringent incompetency standard than that proposed by Williams, his factual findings are also sufficient to show that Williams's mental disease or defect did not have a substantial effect on his capacity to file a petition. Williams was able to file a state habeas petition, and prison records indicate that Williams's needs were being met with medication at levels and of a kind consistent with the medication being administered when he filed the state petition. The judge considered, but rejected, Dr. Estner's testimony as conclusory and lacking factual support. In these circumstances, we are not firmly convinced that it was impossible for Williams to file a timely petition. *See Calderon v. United States District Court (Kelly),* 163 F.3d 530, 541 (9th Cir.1998) (en banc) (recognizing that mental incompetency is an extraordinary circumstance beyond a prisoner's control that renders petitioner unable to assist attorney in preparation of habeas petition).

AFFIRMED.

---

5. *E.g.,* the specific land transaction that it proposed in *Hall I,* 266 F.3d at 972–74.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.